## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:20-cv-00014-TBR

**JOSEPH JARVIS**                                                                 **PLAINTIFF**

**v.**

**HINES FURLONG LINE, INC.**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

On September 9, 2021, the Court entered judgment in favor of Defendant, Hines Furlong Line, Inc. (Hines). [DN 27, 28]. Defendant has now filed a Bill of Costs in this matter and requests the Clerk of Court tax costs against Plaintiff Joseph Jarvis under 28 U.S.C. § 1920. [DN 31-2]. The Defendant seeks costs in the amount of $3,767.71, a sum that includes $1,183.34 for the printed transcript of Plaintiff's deposition; $625.25 for Plaintiff's video deposition; $634.44 for the printed transcripts of Smith Freeman, Lucas Green, and Danny Whitford's depositions; $753.50 for the printed transcript of Kenneth Ronald Laughery, Jr.'s deposition; and $600.00 in witness fees for Plaintiff's expert witness. *Id.* The Plaintiff has not filed an objection to the Bill of Costs, and the deadline to do so has expired. This matter is now ripe for adjudication. For the reasons stated herein, the Court adopts the Bill of Costs set forth by Hines.

Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920 (listing taxable costs). Any costs taxed by the Court must be allowed under § 1920 and must be reasonable and necessary in amount. *See BDT Prods, Inc. v. Lenmark Int'l., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds*

by *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997 (2012). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009).

Congress has specifically provided for the taxing of certain costs in 28 USC § 1920. It reads:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 USC § 1920 (2007).

In accordance with § 1920, and Local Rule 54.4, Defendant timely submitted its Bill of Costs to the Court, claiming expenses totaling $3,767.71, and Plaintiff has not filed any objections. Defendant also submitted, as attachments to the Bill of Costs, a detailed itemization of the costs claimed as well as invoices and documentations for each item that further explain the costs claimed by Defendant. [DN 106-1]. Further, "[t]his Court has previously found it in the interests of judicial economy to rule on a bill of costs after completion of the case at the district court, rather than stay a decision until resolution on appeal." *Burkhead & Scott, Inc. v. City of Hopkinsville*, No.

512CV00198GNSLLK, 2016 WL 2858914, at *2 (W.D. Ky. May 16, 2016) (citing *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *3 (W.D. Ky. May 7, 2013) (citations omitted)).

Having reviewed the Defendant's Bill of Costs, and finding the amounts claimed reasonable and necessary;

**IT IS HEREBY ORDERED** that Defendant's Bill of Costs, [DN 31], is **GRANTED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 4, 2022

cc: counsel

3